UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 1:21-cr-00549-ABJ |
| v. | : | |
| | : | |
| TANNER BRYCE SELLS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENT TO THE SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplement to alert the Court to the recent imposition of a split sentence and describe an alternative legal basis for the government's recommended sentence in this case.

On Friday January 7, 2021, Judge Colleen Kollar-Kotelly sentenced a Capitol breach defendant convicted under 40 U.S.C. § 5104(e)(2)(G) to "the custody of the Bureau of Prisons for a term of 90 days" followed by a term of "36 months of probation." *See United States v. Virginia Marie Spencer*, ECF Docket No 1:21-cr-00147-CKK-2, trans. 46:25.

In Mr. Sells' case, the government has recommended a sentence of 14 days of straight incarceration followed by 36 months of probation. As explained in our sentencing memo, a period of straight incarceration followed by probation, known as a split sentence, is a permissible sentence for a defendant convicted of a petty offense. *See* Gov't Sentencing Memo, at 1-3.

Alternatively, the government's recommended sentence is also permissible under 18 U.S.C. § 3563(b)(10), where the period of incarceration is imposed as a condition of probation. Section 3563(b)(10) allows the court to impose incarceration at the Bureau of Prisons during "night, weekends, and other intervals of time." No "interval of time" should exceed 14 days. *See United States v. Mize*, No. 97-40059, 1998 WL 160862, at *2 (D. Kan. Mar. 18, 1998) (discussing

1

Section 3563(b)(10)'s legislative history, and concluding that it permits a "brief period of confinement, *e.g.*, for a week or two"); *accord United States v. Baca*, No. 11-1, 2011 WL 1045104, at *2 (C.D. Cal. Mar. 18, 2011).

A sentence under Section 3563(b)(10), sometimes referred to as "intermittent confinement," can involve a defendant coming in and out of a detention facility on multiple occasions. Although there is no legal constraint to imposing an "intermittent confinement" sentence along these lines, the government has refrained from requesting such a sentence in Capitol breach cases given the potential practical and logistical obstacles with an individual repeatedly entering and leaving a detention facility during an ongoing global pandemic. Although not requested by the government, at least one member of this Court has imposed intermittent sentences under Section 3563(b)(10). *See United States v. Dana Winn*, ECF Case No. 1:21-CR-00139-TNM; *United States v. Andrew Ericson*, ECF Case No. 1:21-CR-00506-TNM.

Here, imposing the government's recommended sentence—14 days of straight incarceration followed by probation—as a condition of probation under Section 3563(b)(10) would not implicate the practical and logistical obstacles involved with an "intermittent sentence" where the defendant comes in and out of a facility more than once. Instead, the government's recommended sentence has the same consequences for any defendant who serves a period of time incarcerated, is released, and then moves to post-incarceration supervision.

Thus, the Court may impose the government's recommended sentence in this case either as a split sentence or as a condition of probation under Section 3563(b)(10).

        Respectfully submitted,

        MATTHEW GRAVES
        UNITED STATES ATTORNEY

By: *[signature]*
        JACOB J. STRAIN
        Utah Bar No. 12680
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        555 4th Street, N.W.
        Washington, D.C. 20530